# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**KENNETH RAULERSON,**

    **Plaintiff,**

**vs.**                                                               **CASE NO. 1:08CV222-MP/AK**

**ALEX P. BAILEY, ET AL,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court is Plaintiff's Second Motion to Compel. (Doc. 70). Defendants have responded that they have no documents or other information responsive to the requests at issue and the motion to compel should be denied. (Doc. 72).

Plaintiff seeks information about other officers present during the incident at issue, and Defendants contend that they do not have identifying information about Angela Doe or two John Does that Plaintiff contends were present at the scene. Defendants represent that they have provided "all documents in their possession regarding the event and the persons present." (Doc. 72, p. 2). If these persons are not named in these documents and Defendants do not know their identification, the Court cannot compel information that they do not have. Consequently, Plaintiff's motion (doc. 70) is **DENIED**.

In reviewing this case, the Court anticipates considering the matters which have been attached by Defendants to the motion to dismiss. Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the

**No. 1:08cv222-MP/AK**

motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

Pursuant to the Case Management Order entered previously, (doc. 40), discovery has expired.  However, if Plaintiff has specific discovery requests related to the identification of the Doe defendants or other specific information he deems necessary to respond adequately to the pending motion, he may file a Motion for Discovery and attach the specific request he wishes to serve.  Otherwise, discovery is over and Plaintiff should await a ruling from the Court on the pending motion (doc. 65) to which he has already filed a response.  (Doc.  67).

Accordingly, it is **ORDERED:**

1.  The parties are advised that the motion to dismiss (doc. 65) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2.  That Plaintiff's motion to compel (doc.  70) is **DENIED.**

3.  That Plaintiff shall file a motion for any additional discovery on or before December 16, 2009, and attach thereto the specific discovery requests and include in

**No. 1:08cv222-MP/AK**

the motion good cause for not having served said requests during the previous period of discovery.

**DONE AND ORDERED** this  *17th* day of November, 2009.

>*s/ A. KORNBLUM*
>**ALLAN KORNBLUM**
>**UNITED STATES MAGISTRATE JUDGE**

**No. 1:08cv222-MP/AK**