IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH SCOTT RAULERSON,

    Plaintiff,

v.                                                CASE NO. 1:08-cv-00222-MP-GRJ

ALEX P. BAILEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) the Motion to Dismiss of Defendant Angela Rivera (Doc. 138) and (2) Motion To Dismiss By Defendants Duane Johnson and Kenneth Brown. (Doc. 144.) Plaintiff filed a response to Defendant Rivera's motion to dismiss (Doc. 139) but has not filed a response to Defendants Johnson and Brown's motion to dismiss and the time for doing so has passed.  For the following reasons Defendants' motions to dismiss are due to be granted.

## I. BACKGROUND

In Plaintiff's second amended complaint Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging that Defendants used excessive force against him during an arrest and failed to intervene against the use of excessive force. (Doc. 14.) Plaintiff's claims arise from an incident on June 1, 2006 during which law enforcement officers, including Defendants, arrested Plaintiff with the aid of a K-9 police dog. Plaintiff alleges that Defendants failed to intervene during the arrest by stopping the K-9 police dog, which attacked the Plaintiff causing severe lacerations on his lower abdomen.   In the

Second Amended Complaint, Plaintiff named Angela "Doe" and three "John Does" in addition to naming specific law enforcement officers as defendants.

In an effort to obtain the names of the "Doe" defendants, Plaintiff first sent informal requests for incident reports to the Palatka Police Department, the Putnam County Sheriff's Office, the Levy County Sheriff's Office, and the U.S. Marshals Service. (Doc. 14, Ex. A at 1-4). When these requests failed to produce incident reports with the names of the "Doe" defendants, Plaintiff wrote follow-up letters, including one to the Palatka Police Department that explicitly requested the last name of Angela "Doe" and her incident report. (Doc. 14, Ex. B at 2). In response to Plaintiff's second letter, the Palatka Police Department failed to address Plaintiff's request for the last name of Angela "Doe" and claimed to have no reports relating to Plaintiff's arrest. (Doc. 14, Ex. E at 2).

Plaintiff attempted to obtain the names of the "Doe" defendants through discovery. Initially, Plaintiff incorrectly requested the names of the "Doe" defendants through a motion to compel the specifically named defendants to comply with Federal Rule of Civil Procedure 26(f). (Doc. 49). The Court denied Plaintiff's motion because the rule exempts cases with *pro se* plaintiffs who are incarcerated from the conferencing requirement. (Doc. 52). Plaintiff then filed a motion to compel Defendants Bailey, Merchant, and Dykstra to disclose the identities of the "Doe" defendants. (Doc. 59). The Court denied the motion because there was no formal discovery request outstanding. (Doc. 61). Additionally, Plaintiff filed a second motion to compel the same Defendants to reveal the identities of the "Doe" defendants in connection with a request for production of documents Plaintiff served on September 21, 2009. (Doc. 70). In

response to Plaintiff's request for production of documents, Defendants Bailey, Merchant, and Dykstra maintained that they did not possess any documents containing information about the identities of the "Doe" defendants. (Doc. 70, Ex. B at 9). Because these Defendants timely produced all the documents they possessed that were responsive to Plaintiff's request for production of documents, the Court denied Plaintiff's motion to compel. (Doc. 73). Although the Court extended the period for discovery on two occasions to accommodate Plaintiff, Plaintiff never requested information concerning the identities of the "Doe" defendants through interrogatories. (Docs. 73 and 80).

Eventually, Plaintiff learned of the identities of the "Doe" defendants through Defendants Alred and Blount's Pretrial Statement of Facts, which listed among others, Angela Rivera, Kenneth Brown, and Duane Johnson as intended witnesses. (Doc. 120). Believing that these individuals were the "Doe" defendants he described in his complaint and claiming that the specifically named defendants misled him, Plaintiff moved to add Rivera, Brown, and Johnson as defendants on January 27, 2012. (Doc. 121). Despite finding that the specifically named defendants had complied with the rules of discovery, the Court granted Plaintiff's motion to add the "Doe" defendants on February 17, 2012. (Doc. 126). In liberally construing Plaintiff's motion, the Court noted that Plaintiff exercised due diligence as a *pro se* litigant in trying to obtain the names of the "Doe" defendants and that "[i]t was his inexperience with the law and the inartfulness of his requests that prevented him from obtaining these names and addresses." (Doc. 126). The Court then ordered that Defendant Rivera of the Neptune Beach Police Department, Defendant Brown of the U.S. Marshals Service, and

Defendant Johnson of the U.S. Marshals Service be served with Plaintiff's Second Amended Complaint. (Doc. 134).

Defendants Rivera, Brown, and Johnson have now filed motions to dismiss on the grounds that Plaintiff's Second Amended Complaint is barred by the statute of limitations. The above Defendants argue that the statue of limitations has expired and that the doctrines of relation back and equitable tolling do not apply to save Plaintiff's untimely claims against them. (Docs. 138 and 144). Plaintiff does not contest that the limitations period has run. Instead, Plaintiff essentially claims that the statute of limitations should be tolled because Plaintiff sought the names of the "Doe" defendants with due diligence while the specifically named defendants "willfully and purposefully 'hid' the identities of the 'Doe' defendants from Plaintiff." (Docs. 14, 49, 59, 70, 121, and 139). The Court, therefore, must determine: (1) Whether Plaintiff's addition of Defendants Rivera, Brown, and Johnson as defendants relates back to the date of the original complaint, and if not (2) Whether there are present extraordinary circumstances sufficient to justify equitable tolling.

## II. STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

Specifically, with regard to the statute of limitations dismissal of an *in forma pauperis* § 1983 claim is appropriate if it is "apparent from the face of the complaint or the court's records" that the claim is time-barred. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

### III. <u>DISCUSSION</u>

*A.   Statute of Limitations*

Although 42 U.S.C. § 1983 provides a federal cause of action, "[s]ection 1983 claims . . . are governed by the forum state's residual personal injury statute of limitations." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *accord Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Florida, the applicable statute of limitations is four years pursuant to Florida Statutes section 95.11(3). *Salomon v. City of Jacksonville*, No. 3:05-CV-673J-32HTS, 2007 WL 2915591, at *1 (M.D. Fla. Oct. 4, 2007); *see Burton*, 178 F.3d at 1188 ("[A] plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."). However, the accrual date of a § 1983 cause of action is a question of federal law, not state law. *Wallace*, 549 U.S. at 388; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Under federal law the statute of limitations begins to run when the plaintiff knows or has reason to know of his injury and who has inflicted the injury. *Mullinax*, 817 F.2d at 716.

In this case, Plaintiff alleges that the violation of his constitutional rights occurred on June 1, 2006 during his arrest.  Plaintiff, therefore, knew of his injury on June 1, 2006, the day of the incident with the K-9 police dog. However, the fact that Plaintiff lacked knowledge of the *names* of the "Doe" defendants does not mean that Plaintiff did not know *who* had inflicted his injury. *See Wayne v. Jarvis*, 197 F.3d 1098, 1101 (11th Cir. 1999) (determining that the cause of action accrued despite the plaintiff's lack of knowledge of "Doe" defendants' names), *overruled on other grounds by Manders v.*

Page 7 of 12

*Lee*, 338 F.3d 1304 (11th Cir. 2003). Thus, Plaintiff's cause of action accrued on June 1, 2006. Plaintiff requested permission to add Defendants Rivera, Brown, and Johnson as defendants on January 27, 2012, more than five-and-a-half years after the underlying incident and well beyond the four-year limitations period.

Accordingly, Plaintiff's claims against Defendants Rivera, Brown and Johnson are time-barred unless the claims relate back to the date of the filing of the original complaint or unless the statute of limitations was equitably tolled by the conduct of the Defendants.

## B.   *Relation Back*

Although Plaintiff does not expressly argue that the addition of Defendants Rivera, Brown, and Johnson should relate back to his original complaint, the Court will address the issue in view of the policy requiring the Court to liberally construe *pro se* litigants' pleadings and motions.

The starting point for determining whether the addition of Defendants Rivera, Brown and Johnson should relate back to the original complaint is the rule itself. Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure an amendment to a pleading relates back to the date of the original pleading when

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim that arises from the conduct, transaction, or occurrence set out in the original pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1)(C) (alteration added) (emphasis added).  The rule therefore

requires that the newly added defendant knew or should have known that the action would have been brought against it *and* that the reason the defendant was not named in the original complaint was because of a mistake. *See, Mack v. Loizzo*, No. 08-20181-CIV, 2009 WL 4840200, at *3 (S.D. Fla. Dec. 14, 2009).

The Court need not resolve whether the Defendants knew or should have known of the action because the law in the Eleventh Circuit, and the great weight of authority, holds that the substitution of Doe defendants is not within Rule 15(c) because the amendment is not necessitated by a "mistake" concerning the identify of the "proper party," but rather from a lack of information when the complaint was filed. *Wayne*, 197 F.3d at 1103; *see e.g., Barrow v Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir. 1995); *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998); *Cox v Treadway*, 75 F.3d 230 (6th Cir.), *cert denied* 519 U.S. 821 (1996); *Baskin v City of Des Plaines*, 138 F.3d 701 (7th Cir. 1992); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)(The court found that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(d)(B)." The mistake provision was included in the Rule to allow a party to correct a "formal defect" such as a misnamed or misidentified defendant and not, as here, where the "mistake" is the result of lack of knowledge. *See,* Fed. R. Civ. P. 15(c), Advisory Committee Notes to 1991 Amendment.

Accordingly, because the Plaintiff designated Defendants Rivera, Brown, and Johnson as "Doe" defendants in the original complaint as a result of his lack of knowledge of their identities –  and not because he misidentified or misnamed them – the addition of Rivera, Brown and Johnson does not relate back to the date of the filing

of the original complaint and, therefore, the claims against them are barred by the applicable statute of limitations.

## C.   *Equitable Tolling*

Even if the addition of Defendants Rivera, Brown and Johnson does not relate back to the date of the original complaint, Plaintiff's claims against these Defendants would not be time-barred if the statute of limitations was equitably tolled.

Plaintiff argues that the statute of limitations should be tolled because he diligently sought the names of the "Doe" defendants informally and through discovery while the named defendants purposefully hid the identity of the "Doe" defendants. Although Plaintiff does not expressly mention the doctrine of equitable tolling, the Court will liberally construe Plaintiff's response, and address the argument in the context of the doctrine of equitable tolling.

The doctrine of equitable tolling allows a plaintiff to file a complaint after the statute of limitations has expired if inequitable circumstances have prevented the plaintiff from filing timely. *Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) (citing *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998)). Equitable tolling is appropriate when a plaintiff untimely files his claim because of "extraordinary circumstances that are both beyond [a plaintiff's] control and unavoidable even with diligence." *Salomon*, 2007 WL 2915591, at *2 (citing *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). The plaintiff bears the burden of showing the existence of any extraordinary circumstances. *Arce*, 434 F.3d at 1261. The extraordinary circumstances that justify equitably tolling the statute of limitations usually require

affirmative misconduct on the part of the defendant, such as deliberately or fraudulently concealing the identities of additional defendants or otherwise preventing the plaintiff from learning their identities. *See Wayne*, 197 F.3d at 1104; *Salomon*, 2007 WL 2915591, at *2-3 (citing Arce v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005)). Notably, however, a plaintiff's *pro se* status and ignorance of the law do not warrant equitable tolling. *Robinson*, 305 F. App'x at 630.

Putting aside the issue of whether the Plaintiff exercised due diligence in attempting to obtain the identities of the "Doe" defendants, there are simply no facts or circumstances in this case suggesting that the defendants deliberately or fraudulently concealed the identities of the additional defendants or did anything that otherwise prevented the Plaintiff from learning of their identities.

While Plaintiff sought the names of the "Doe" defendants through informal letters, discovery requests for production of documents, and motions to compel over a period of several years (Docs. 14, Exs. A-B; 49; 59; 70; 121, Ex. A; and 122, Exs. A, C), the Plaintiff never sent a simple and straight forward interrogatory to the Defendants requesting the identity of the "Doe" defendants. Rather, Plaintiff requested incident reports and documents that identified the "Doe" defendants. The Defendants responded by advising that there were no documents in their possession which identified the "Doe" defendants. (Docs. 72; 122, Exs. B, D; and 123.) There is nothing in the record suggesting that these responses were false or untrue. Further, even assuming the named defendants knew the identities of Defendants Rivera, Brown, and Johnson when Plaintiff served his document requests the named defendants had no

obligation to produce documents that did not exist, incident reports that they did not possess, or answers to interrogatories that Plaintiff never requested.

Thus, the reason that Plaintiff did not discover the identities of the "Doe" defendants sooner was not the fault of the named defendants but rather the result of the lack of precision in Plaintiff's discovery requests and Plaintiff's inexperience with legal proceedings and the rules of discovery. Because the law is well settled that ignorance of the law and inexperience, standing alone, are insufficient to support the application of the doctrine of equitable tolling, Plaintiff has failed to demonstrate extraordinary circumstances to warrant equitable tolling. *See Robinson*, 305 F. App'x at 630 ("[p]ro se status, ignorance of the law, and administrative processes that 'are too slow or involve too much delay' do not warrant equitable tolling."); *see also, Kreutzer v Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert denied*, 534 U.S. 863 (2001)(lack of legal or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert denied*, 531 U.S. 1194 (2001)( petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations.)

Accordingly, while Plaintiff may believe that he tried his best to obtain the identities of the "Doe" defendants, in the absence of any inequitable conduct by Defendants to conceal the identity of the "Doe" defendants the Plaintiff cannot utilize the doctrine of equitable tolling to revive his untimely claims against Defendants Rivera, Brown, and Johnson. The motions to dismiss are, therefore, due to be granted.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the Motion to Dismiss of Defendant Angela Rivera (Doc. 138) and the Motion To Dismiss By Defendants Duane Johnson and Kenneth Brown (Doc. 144) should be **GRANTED** and the claims against them should be **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida this 6th  day of June 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**