**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

KENNETH SCOTT RAULERSON,

      Plaintiff,

v.                                 CASE NO. 1:08-cv-00222-MP-GRJ

ALEX P BAILY, et al.,

      Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 145, Report and Recommendation of the

Magistrate Judge ("R&R"), which recommends that the motions to dismiss filed by Defendant

Angela Rivera and Defendants Duane Johnson and Kenneth Brown be granted. For the reasons

stated below, the motions to dismiss are DENIED.

**I.      BACKGROUND**

In Plaintiff's second amended complaint Plaintiff brings claims pursuant to 42 U.S.C. §

1983 alleging that Defendants used excessive force against him during an arrest and failed to

intervene against the use of excessive force. (Doc. 14).  Plaintiff's claims arise from an incident

on June 1, 2006 during which law enforcement officers, including Defendants, arrested Plaintiff

with the aid of a K-9 police dog.  Plaintiff alleges that Defendants failed to intervene during the

arrest by stopping the K-9 police dog, which attacked the Plaintiff causing severe lacerations on

his lower abdomen. In the Second Amended Complaint, Plaintiff named Angela "Doe" and three

"John Does" in addition to naming specific law enforcement officers as defendants.  In an effort

to obtain the names of the "Doe" Defendants, Plaintiff first sent informal requests for incident

reports to the Palatka Police Department, the Putnam County Sheriff's Office, the Levy County Sheriff's Office, and the U.S. Marshals Service. (Doc. 14, Ex. A at 1-4). When these requests failed to produce incident reports with the names of the "Doe" Defendants, Plaintiff wrote follow-up letters, including one to the Palatka Police Department that explicitly requested the last name of Angela "Doe" and her incident report. (Doc. 14, Ex. B at 2). In response to Plaintiff's second letter, the Palatka Police Department failed to address Plaintiff's request for the last name of Angela "Doe" and claimed to have no reports relating to Plaintiff's arrest. (Doc. 14, Ex. E at 2).

Plaintiff attempted to obtain the names of the "Doe" Defendants through discovery. Initially, Plaintiff incorrectly requested the names of the "Doe" Defendants through a motion to compel the specifically named Defendants to comply with Federal Rule of Civil Procedure 26(f). (Doc. 49). The Court denied Plaintiff's motion because the rule exempts cases with *pro se* plaintiffs who are incarcerated from the conferencing requirement. (Doc. 52). Plaintiff then filed a motion to compel Defendants Bailey, Merchant, and Dykstra to disclose the identities of the "Doe" defendants. (Doc. 59). The Court denied the motion because there was no formal discovery request outstanding. (Doc. 61). Additionally, Plaintiff filed a second motion to compel the same Defendants to reveal the identities of the "Doe" Defendants in connection with a request for production of documents Plaintiff served on September 21, 2009. (Doc. 70). In response to Plaintiff's request for production of documents, Defendants Bailey, Merchant, and Dykstra maintained that they did not possess any documents containing information about the identities of the "Doe" Defendants. (Doc. 70, Ex. B at 9). Because these Defendants timely produced all the documents they possessed that were responsive to Plaintiff's request for production of documents, the Court denied Plaintiff's motion to compel. (Doc. 73). Although

the Court extended the period for discovery on two occasions to accommodate Plaintiff, Plaintiff never requested information concerning the identities of the "Doe" Defendants through interrogatories. (Docs. 73 and 80).

Eventually, Plaintiff learned of the identities of the "Doe" Defendants through Defendants Alred and Blount's Pretrial Statement of Facts, which listed among others, Angela Rivera, Kenneth Brown, and Duane Johnson as intended witnesses. (Doc. 120). Believing that these individuals were the "Doe" Defendants he described in his complaint and claiming that the specifically named Defendants misled him, Plaintiff moved to add Rivera, Brown, and Johnson as defendants on January 27, 2012. (Doc. 121). Despite finding that the specifically named Defendants had complied with the rules of discovery, the Court granted Plaintiff's motion to add the "Doe" Defendants on February 17, 2012. (Doc. 126). In liberally construing Plaintiff's motion, the Court noted that Plaintiff exercised due diligence as a *pro se* litigant in trying to obtain the names of the "Doe" Defendants and that "[i]t was his inexperience with the law and the inartfulness of his requests that prevented him from obtaining these names and addresses." (Doc. 126). The Court then ordered that Defendant Rivera of the Neptune Beach Police Department, Defendant Brown of the U.S. Marshals Service, and Defendant Johnson of the U.S. Marshals Service be served with Plaintiff's Second Amended Complaint. (Doc. 134).

Defendants Rivera, Brown, and Johnson have now filed motions to dismiss on the grounds that Plaintiff's Second Amended Complaint is barred by the statute of limitations. The above Defendants argue that the statue of limitations has expired and that the doctrines of relation back and equitable tolling do not apply to save Plaintiff's untimely claims against them. (Docs. 138 and 144). Plaintiff does not contest that the limitations period has run. Instead, Plaintiff essentially claims that the statute of limitations should be tolled because Plaintiff sought

the names of the "Doe" Defendants with due diligence while the specifically named Defendants "willfully and purposefully 'hid' the identities of the 'Doe' [D]efendants from Plaintiff." (Docs. 14, 49, 59, 70, 121, and 139).  The Court, therefore, must determine: (1) Whether Plaintiff's addition of Defendants Rivera, Brown, and Johnson as defendants relates back to the date of the original complaint, and, if not (2) Whether there are present extraordinary circumstances sufficient to justify equitable tolling.

## II.    DISCUSSION

As explained in the R&R (Doc. 145 at 9), equitable tolling allows a plaintiff to file a complaint after the statute of limitations has expired if inequitable circumstances have prevented the plaintiff from timely filing. *Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) (citing *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998)).  Again reiterating the R&R (Doc. 145 at 9), equitable tolling is appropriate when a plaintiff untimely files his claim due to "extraordinary circumstances that are both beyond [a plaintiff's] control and unavoidable even with diligence," *Salomon v. City of Jacksonville*,  2007 WL 2915591, *2-3 (11th Cir. 2007) (citing *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)), and the plaintiff bears the burden of showing the existence of any extraordinary circumstances. *Arce*, 434 F.3d at 1261.  The R&R further explains that "the extraordinary circumstances that justify equitably tolling the statute of limitations usually require affirmative misconduct on the part of the defendant, such as deliberately or fraudulently concealing the identities of additional defendants or otherwise preventing the plaintiff from learning their identities." (Doc. 145 at 9-10) (citing *Wayne*, 197 F.3d at 1104; *Salomon*, 2007 WL 2915591, at *2-3 (citing *Arce v. Garcia*, 400 F.3d 1340, 1349 (11th Cir. 2005))) (emphasis added).  Finally, the R&R cites to *Robinson v. Schafer* for the principle that "a plaintiff's *pro se* status and ignorance of the law do not warrant equitable

tolling." (Doc. 145 at 10) (citing *Robinson*, 305 F. App'x at 630).

The statute of limitations should be equitably tolled in this case because Plaintiff has shown that he exercised due diligence over several years in attempting to obtain the names and addresses of the recently added Defendants, and extraordinarily, his requests were met with consistent government resistance beyond Plaintiff's control. Plaintiff first filed multiple informal letters and requests to the government agencies involved in Plaintiff's arrest, which were met with consistent resistance, and in at least one instance, borderline deception, by those government agencies. Plaintiff's second letter to the Chief of the Palatka Police Department provided the first name of the undercover officer involved in Plaintiff's arrest, and requested her full name and written report. (Doc. 14, Ex. B at 2.). In reply, the Chief reiterated his response to Plaintiff's first letter, that there were no written reports in his possession, but completely ignored Plaintiff's request for Angela "Doe"'s full name.[1] (Doc. 14, Ex. E at 2). Plaintiff's similar informal requests to the U.S. Marshal's office were met with similar resistance, as were his formal discovery requests to the U.S. Marshall's office and the Putnam County Sheriff Department. *See supra* pp. 2-3.

Plaintiff's use of Requests for Production where Interrogatories were the more appropriate discovery vehicle does not necessarily alter the analysis. Defendants who were served with discovery requests had the right to narrowly comply with these requests, and were not required to do more. The Court, however, is required to grant *pro se* litigants leeway in construing their attempts to comply with pleading and other requirements. *Hanes v. Kerner*, 404

---

[1] The Court finds it hard to believe that the Chief of a modest-sized police department did not know who Plaintiff was referring to, a suspicion that is buttressed by the Chief's curious lack of any response to Plaintiff's request for Angela "Doe"'s full name. (Doc.14 at Exh. 2)

U.S. 519, 520, 92 S.Ct. 594, 596 (1972); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992).  The

R&R cites *Robinson* for the proposition that "a plaintiff's *pro se* status and ignorance of the law

do not warrant equitable tolling," but the factual circumstances of cases relied on by the

Defendants and the R&R in which the Eleventh Circuit has held equitable tolling unavailable

due to some *pro se* related legal error are inapposite to the case at bar. *See Robinson*, 305 F.

App'x at 630 (finding equitable tolling for *pro se* plaintiff unavailable where plaintiff delayed in

filing for over ten years due to various administrative delays, and where the administrative

agency suggested she sue in federal district court and the plaintiff waited seven years before

doing so); *Salomon v. City of Jacksonville*,  2007 WL 2915591, *2-3 (11th Cir. 2007) (equitable

tolling denied to *pro se* plaintiff whose unsupported claims included an alleged conspiracy of

fraudulent concealment between his previous legal representatives and the government involving

a voluntary dismissal of plaintiff's case without plaintiff's consent, bribery of plaintiff's ex-wife

to remove her as a witness from his case, and alleged (and also unsupported) physical and mental

disabilities suffered by the plaintiff); *Arce v. Garcia*, 434 F.3d 1254 (where Salvadoran refugees,

represented by counsel, brought action against Salvadorian military officials, alleging violations

of the Torture Victim Protection Act (TVPA) and the Alien Tort Claims Act (ATCA), equitable

tolling until the end of the civil war in El Salvador was warranted); *Wayne v. Jarvis*, 197 F.3d

1098, 1104 (11th Cir. 1999) (finding relation back and equitable tolling inappropriate for *pro se*

plaintiff whose "problem was not that he drafted his complaint without a lawyer, but that he

drafted and filed it close to the expiration of the statute of limitations and thereby waited too

long before setting about to find crucial information he needed to make his claim against the

deputies. Wayne bears the consequences of his own delay. Had he filed earlier, he could have

learned the deputy sheriffs' identities in time to amend his complaint before the statue of

limitations ran").

The Court's independent research confirms the pattern in the cases above: a glaring dearth of diligence on the part of the *pro se* litigant leading the Court to deny equitable tolling. *See, e.g., Ahmed v. Bd. of Regents of Univ. Sys. of Georgia*, 339 F. App'x 937 (11th Cir. 2009) (Equitable tolling unwarranted because "Ahmed failed to act with due diligence to correct his deficient charge. Ahmed waited about a month before he contacted the Commission to inquire about the status of his charge, and then he waited another month to file a new charge."); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (where *pro se* litigant failed to appear at two scheduled meetings with review board's hearings officer and filed a request for extension of time a month after the deadline, the court found equitable tolling unwarranted and also stated "Ignorance of the law <u>usually</u> is not a factor that can warrant equitable tolling.") (emphasis added). None of these cases concern the specific factual scenario at bar: a history of diligent and zealous advocacy on the part of a *pro se* Plaintiff who repeatedly asked for the information he needed to add the "Doe" Defendants prior to close of the statue of limitations, and whose only error was in not complying with the technicalities of discovery.[2]  As such, while the other Defendants served with Plaintiff's discovery could legally avoid giving Plaintiff the identities his inartfully formed discovery requested even if they had the information, the Court, in the interest of justice, is not required to be quite so strict in its interpretation of Plaintiff's discovery requests.

Assuming the previously named Defendants were full and forthright in their responses to

---

[2] Plaintiff's diligence is reflected in the record; for example, in addition to his repetitive requests for information concerning the previously "Doe" Defendants,, Plaintiff has consistently kept the Court apprised of his whereabouts while incarcerated and has consistently requested status updates from the Court when there has been a lull in filings. (See e.g. Doc. 7, 17, 92, 96, 98, 109)

Plaintiff's Requests for Production, the R&R suggests that the lack of any affirmative evidence

of "stonewalling" on the part of the previously "Doe" Defendants is fatal to the equitable tolling

of Plaintiff's claim; however, the R&R also admits that such a result is not always warranted.

(See Doc. 145 at 10) ("the extraordinary circumstances that justify equitably tolling the statute of

limitations <u>usually</u> require affirmative misconduct on the part of the defendant, such as

deliberately or fraudulently concealing the identities of additional defendants or otherwise

preventing the plaintiff from learning their identities") (emphasis added); *also see Browning v.*

*AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir. 1997) ("Equitable estoppel does require an

allegation of misconduct on the part of the party against whom it is made, but equitable tolling

does <u>not</u> require any misconduct on the part of the defendant.") (emphasis added).

In addition to not being precluded, equitable tolling under these circumstances comports

with the interests of justice that always underlie the Court's analysis.  On the one hand is a *pro*

*se* Plaintiff who, regardless of his lack of legal acumen and inability to acquire the legal skill of

another, has diligently pursued his claims, albeit with technical missteps, in an attempt to bring

suit against all individuals involved in his alleged injustice.  On the other hand are the "Doe"

Defendants who would have been identified as parties to the alleged injustice within the

limitations period but for Plaintiff's confusion over the technicalities of discovery and the

extraordinary unhelpfulness of government agencies that were noncompliant with his informal

information requests and appeared to have used the Plaintiff's ignorance of procedural intricacies

to legally hide the identities of parties that they knew were being requested by Plaintiff and knew

were party to Plaintiff's alleged injustice.[3]  Under the facts specific to this case, the interests of

---

[3]As previously noted by the Court, (Doc. 126 at 3), although they did not provide the Plaintiff
with the information he requested informally, regarding formal discovery, the US Marshal

justice will be served by allowing Plaintiff to proceed against the newly-named Defendants whose identities he diligently sought for several years within the statutory period.

The plaintiff has also filed motions to exclude the Doe defendants as witnesses. As noted above, however, the defendants did not technically violate any rule of civil procedure or court order. Also, as stated in the order at Doc. 126, "[t]he interests of justice are best served by evaluating cases on their merits, rather than having them decided by procedural missteps."

For the reasons given above, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 145, is adopted as modified by the opinion herein.

2. The Motion to Dismiss filed by Defendant Angela Rivera, Doc. 138, is DENIED.

3. The Motion to Dismiss filed by Defendants Duane Johnson and Kenneth Brown, Doc. 144, is DENIED.

4. The Motions to Bar Witness Testimony, Doc. 146, is DENIED.

5. The undersigned will address Doc. 147, Second Motion for Appointment of Counsel, by separate order. The matter is referred to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this *27th* day of September, 2013

 *s/Maurice M. Paul*
 Maurice M. Paul, Senior District Judge

---

Defendants were technically sound in stating that they did not have documents providing the names of the "Doe" Defendants that Plaintiff requested via production requests. Regardless, it is likely that the Marshals knew who the "Doe" Defendants were all along, as reflected by their inclusion in the Marshal Defendants' witness list.