IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH SCOTT RAULERSON,

      Plaintiff,

v.                                  CASE NO. 1:08-cv-222-MP-GRJ

DAVID ALRED, et al,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 157, Defendant Angela Rivera's motion for summary judgment. The Plaintiff has filed a response in opposition to the motion, Doc. 162. For the reasons discussed below, the undersigned recommends that Defendant's motion be denied.

### I. Summary Judgment Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who

must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.   *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

## II. Background

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging that Defendants used excessive force against him during an arrest and failed to intervene against the use of excessive force.  Doc. 14 (Second Amended Complaint).  Plaintiff's claims arise from an incident on June 1, 2006, during which state and federal law enforcement officers arrested Plaintiff with the aid of a K-9 police dog.  Plaintiff alleges that Defendant Bailey used excessive force by deploying the K-9 dog after Plaintiff had submitted to arrest.  Plaintiff alleges that the other Defendants failed to intervene during the arrest to stop the attack.[1]

Angela Rivera was initially identified as Angela "Doe" in the Second Amended Complaint.  Plaintiff learned of Rivera's identity, and the identities of other "Doe" defendants Kenneth Brown and Duane Johnson, during the course of this litigation.  Rivera, Brown, and Johnson were added as named Defendants in February 2012.  Doc.

---

[1]The specific events underlying Plaintiff's claims have been detailed in the Court's previous orders.  *See* Docs. 106, 113 (Report and Recommendation and Order denying in part Defendants Alred's and Blount's motion for summary judgment).  The Defendants remaining in this case are: Alex P. Bailey, John Merchant, John Blount, David Alred, Duane Johnson, Kenny Brown, and Angela Rivera.

126.  The Court denied the newly-added Defendants' motion to dismiss the complaint on statute of limitations grounds.  Doc. 150.  The parties were afforded an additional period of time to conduct discovery, and that period has now expired.  Doc. 156.

### III.  Defendant Rivera's Summary Judgment Evidence

In support of her motion for summary judgment, Defendant Rivera offers her affidavit.  Doc. 158.  According to Defendant's affidavit, in June 2006 she was employed as a Putnam County deputy sheriff.  On June 1, 2006, Defendant's supervisor contacted her to assist the United States Marshals Service (USMS) in arresting Plaintiff on outstanding felony warrants.  Defendant was aware of Plaintiff's criminal background and also was aware that Plaintiff had threatened violence in the event of his arrest.  Defendant attended a briefing to discuss a plan to persuade Plaintiff to go to a residence in Putnam County where he would be arrested.  Defendant's role was to contact Plaintiff and arrange for him to meet her at a residence ostensibly to perform tree work and other labor, such as moving boxes and furniture.  The other officers would be present at the residence and would effect the arrest after Defendant spoke an agreed-upon code word.  Doc. 158 ¶¶ 1-4.

Defendant made the calls to Plaintiff in accordance with the plan, and Defendant and the other officers went to the address provided to Plaintiff.  Upon his arrival, Plaintiff followed Defendant into the living room which was filled with junk and old furniture.  Defendant gave the code word, and the other officers entered the living room to make the arrest.  Defendant states that after the officers entered the living room, Defendant left the residence.  She did not observe the arrest nor did she participate in the arrest.  Defendant attests that she has no knowledge regarding the circumstances surrounding

the deployment of the K-9, nor did she observe the K-9 biting Plaintiff because she was outside of the residence when that occurred.  *Id*. ¶¶ 5-6.

Defendant was not a K-9 handler at the time of the arrest, and did not bring a K-9 to the residence.  Defendant exercised no control over the K-9 that was alleged to have injured Plaintiff.   From her experience in law enforcement, Defendant is aware that K-9 dogs are trained to obey only their handlers.   Defendant states that if she had been in a position to see Plaintiff's arrest, she would not expect the K-9 to have obeyed any command she might have given.   Defendant saw Plaintiff outside of the residence after his arrest; she observed that he had been bitten by the K-9 but did not see the wound in detail.  *Id*. ¶ 7.

Plaintiff's claims against Defendant are predicated on a theory of "bystander liability."  *See* Doc. 14.  Defendant contends that in view of this evidence, Plaintiff's claims against her must fail.  Defendant argues that before liability for failure to intervene can be imposed, the officer must have observed the alleged abuse or had an opportunity to intervene, and that she had no such opportunity because she did not observe the arrest.  Defendant argues alternatively that even if she had been present during the arrest she was not in a position to intervene because the events unfolded very quickly and because she could not have exercised any control over the K-9.  Doc. 157.  Defendant further argues that she is entitled to qualified immunity from liability because none of her actions violated clearly established law.  *Id*.

## IV.  Plaintiff's Summary Judgment Evidence

In opposition to Defendant's motion, Plaintiff points to his deposition testimony. Doc. 162.  In his deposition, Plaintiff initially testified that Defendant had left the room

where the arrest took place prior to the arrest by the other officers and deployment of the K-9.  *See* Doc. 158-1 (Plaintiff's Deposition) at 64-65.  Later in his testimony, Plaintiff stated that during the arrest Defendant got "out of the way and pulled a gun and jumped out the door and was standing behind them all with her gun drawn."  *Id*. at 77. Plaintiff alleges that Defendant participated in the planning and execution of an unlawful attack on him.  Doc. 162 at 4-5.  Plaintiff concedes that Defendant "is not a K-9 handler; nor did she bring a K-9 to the scene."  *Id*. at 3.

## V.  Discussion

 "It is clearly established in this Circuit 'that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'"  *Bailey v. City of Miami Beach* 476 Fed.Appx. 193, 196, 2012 WL 1414941, *2 (11th Cir. 2012) (quoting *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341–42 (11th Cir.2007). "'But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so.'" *Id*. (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)).

The claims in this case are analogous to those in *Priester v. City of Riviera Beach*, Florida, 208 F.3d 919 (11th Cir. 2000).  There, two officers chased a burglary suspect to a canal, where the suspect surrendered, lying down on the ground. *Id*. at 923.  Even though the suspect had fully complied with the officers' commands, one of the officers ordered his police dog to attack the suspect.  *Id*. at 923–24.  The second officer watched the incident from the top of the canal and did nothing to stop the attack. *Id*. at 925.  When the arrestee brought suit against the second officer for failing to intervene, the Eleventh Circuit held that the officer was not entitled to qualified immunity

because "the dog's attack on Plaintiff may have lasted as long as two minutes . . . [which] was long enough for a reasonable jury to conclude that [the officer] had time to intervene and to order [the first officer] to restrain the dog." *Id*. at 925 (emphasis in original).  The Court concluded that the bystander officer violated the arrestee's clearly established rights by watching "the entire event" while "in voice contact" with the first officer and doing nothing to stop the dog attack.  *Id*.; *see also Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.").   The Court in Priester also concluded "[t]hat a police officer had a duty to intervene when he witnessed the use of excessive force and had the ability to intervene was clearly established in February 1994."  *Priester*, 208 F.3d at 927.[2]

In this case, the summary judgment evidence reflects a genuine issue of material fact as to whether Defendant was present during Plaintiff's arrest and deployment of the K-9.  Defendant's affidavit unequivocally states that she was not; Plaintiff's deposition testimony places Defendant in the room with the other officers, pointing a gun at Plaintiff during the K-9 deployment by Bailey.  Resolution of this issue will depend upon the factfinder's assessment of the credibility of these and other witnesses, a determination that cannot be made at the summary judgment stage.

Moreover, even if the Court assumed for purposes of Defendant's alternative

---

[2] By its nature, a claim of failure to intervene must include an underlying act of excessive force.  For purposes of this motion, the Court assumes, without deciding, that Plaintiff has adequately established that the deployment of the K-9 amounted to a use of excessive force.

argument that she was present during the K-9 deployment, the fact that she was not the

K-9 handler and that the events unfolded rapidly do not necessarily entitle her to

summary judgment on the present record and in view of the governing law.  In rejecting

similar summary judgment arguments by defendants Blount and Alred on Plaintiff's

failure-to-intervene claims against them, the Court observed:

> Defendants Blount and Alred contend that they were not in a
> position to intervene because they were not responsible for the dog and
> could not control it. ( See Doc. 65, p. 5). They also argue that because the
> attack lasted less than a minute it is unreasonable to suggest that they
> could recognize that excessive force was being used in time to do
> something to stop it given the "fluid" circumstances of the arrest. (Doc. 65,
> p. 10). The record does reflect a scenario where there was considerable
> confusion, with several officers yelling at once, and a dog biting Plaintiff's
> son and another officer in the melee.
>
> * * *
>
> [T]he facts offered by Plaintiff and his witnesses . . . suggest that
> Blount and Alred were in the room when Plaintiff was cuffed and
> compliant and that Blount and Alred watched as Bailey directed the dog to
> attack Plaintiff in the stomach. Whether the abbreviated time frame was
> too short for Blount and Alred to intervene and whether the fact they were
> not dog handlers is a reason they could not intervene to stop the dog
> attack are questions best left for resolution by the trier of fact and not
> appropriate determinations to be made on summary judgment on this
> record.

Doc. 106 at 18-19; *see Priester*, 208 F.3d at 927.

The Court further concluded that Defendants were not entitled to qualified

immunity because "Defendants would be on fair and clear notice that allowing a

handcuffed and subdued suspect to be bitten by a dog during an arrest would be

unlawful," as such conduct "'lies so obviously at the very core of what the Fourth

Amendment prohibits that the unlawfulness of the conduct was readily apparent.'" *Id*. at

21 (quoting *Priester*, 208 F.3d at 926).

## VI.  <u>Conclusion</u>

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant

Angela Rivera's Motion for Summary Judgment, Doc. 157, be **DENIED** and that this

matter be set for trial.

**IN CHAMBERS** at Gainesville, Florida this 20th day of August 2014.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge



## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations**